FILED
2015 Oct-21  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAVONIA JONES,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| **vs.** ) | **Case No. 4:15-CV-231-CLS** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Lavonia Jones, commenced this action on February 6, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Upon review of the record, the court concludes that contention lacks merit, and the Commissioner's ruling is due to be affirmed.

It is unclear from claimant's brief whether she only asserts that she is entitled to a closed period of disability, or whether she also asserts that she should have been found to be permanently disabled. Either argument would require claimant to prove that she was unable to work due to disability for a period of at least twelve months. The Social Security Act defines a "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death *or which has lasted or can be expected to last for a continuous period of not less than 12 months*." 42 U.S.C. § 423(d)(1)(A) (emphasis supplied). *See also* 42 U.S.C. § 1382c(a)(3)(A) (same definition for supplemental security income claims).

The ALJ acknowledged that "claimant's leg fractures were severe and debilitating — for a time."[1] Even so, she found that "claimant's records simply fail to support her allegations regarding the *continuing* severity of her pain and associated physical limitations or the severity of her mental impairments and associated

---

[1] Tr. 19.

limitations."[2]  Substantial evidence supports the ALJ's well-reasoned and thorough decision.  Claimant's condition continued to improve throughout the year following her May 2011 injury and, even though she still experienced some pain and other residual effects after that year was over, there is no evidence that those residual issues resulted in disabling limitations.

Consistent with the foregoing, the court concludes that the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 21st day of October, 2015.

_____
United States District Judge

---

[2] *Id.* (emphasis supplied).